United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IVAN HERNANDEZ-CRUZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-02499** |
| | § | |
| **MARKWAYNE MULLIN, ET AL.,** | § | |
| | § | |
| ***Respondents.*** | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Petitioner Ivan Hernandez-Cruz's Petition for Writ of Habeas Corpus. (Dkt. 1). In response, the Government moves for summary judgment. (Dkt. 8 at 4−9). Because the Court finds Hernandez-Cruz is subject to mandatory detention under 8 U.S.C. § 1225(b) and his due process claims are foreclosed by Fifth Circuit precedent, the Court **GRANTS** the Government's motion for summary judgment, (Dkt. 8), and **DENIES** Hernandez-Cruz's petition. (Dkt. 1). The Court further **DENIES as moot** any remaining pending motions.

## I. BACKGROUND

Hernandez-Cruz, a citizen of Mexico, entered the United States on October 29, 2023. (Dkt. 1 at 5−6; Dkt. 1-2 at 2). Immigration officials issued Hernandz-Cruz a Notice to Appear on October 31, 2023, placing him in removal proceedings. (Dkt. 1-2 at 2). Hernandez-Cruz was subsequently released on an Order of Recognizance on November 1, 2023. (Dkt. 1-2 at 8). Hernandez-Cruz was re-detained by immigration officials in December of 2025. (Dkt. 1 at 7).

Hernandez-Cruz was later ordered removed from the United States. *Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 18, 2026). His removal order is not yet final because he filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* Hernandez-Cruz is currently in immigration custody as an applicant for admission to the United States. *See generally* (Dkts. 1; 8).

Hernandez-Cruz asserts that his detention without "a constitutionally sufficient immigration procedure . . . to justify [his] re-detention" under 8 U.S.C. § 1225(b) violates his Fifth Amendment substantive and procedural due process rights. (Dkt. 1 at 10−12). In response, the Government moves for summary judgment on Hernandez-Cruz's due process claims and contends he is subject to mandatory detention under Section 1225(b) as an "applicant for admission," which requires mandatory detention during removal proceedings. (Dkt. 8 at 3−9).

## II. LEGAL STANDARD

### A. Habeas Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Under 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including those in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). "A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *2 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (citations omitted) (citation modified). "If a district court

entertains a *habeas* petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citations omitted); *see also* 28 U.S.C. § 2243.

### B. Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Rule 56 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

### A. Hernandez-Cruz is Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

As an applicant for admission, Hernandez-Cruz is subject to mandatory detention. Further, his detention under 8 U.S.C. § 1225(b)(2) is legal. In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), the Fifth Circuit held that an alien present in the United States who has not been admitted is both an "applicant for admission" and deemed to be "seeking admission," and that such aliens are thus subject to mandatory detention under Section 1225(b)(2)(A).

To the extent Hernandez-Cruz contends he is not subject to mandatory

detention on statutory grounds, the Court finds that argument is foreclosed by Section 1225(b) and the *Buenrostro-Mendez* decision. Hernandez-Cruz is an alien present in the United States who entered the country unlawfully without being admitted. (Dkts. 1; 8). An alien "present in the United States who has not been admitted" is, by definition, "an applicant for admission." 8 U.S.C. § 1225(a)(1). And *Buenrostro-Mendez* holds that an "applicant for admission" is necessarily someone who is "seeking admission" for purposes of Section 1225(b)(2)(A). 166 F.4th at 502. Because Hernandez-Cruz does not contend he is "clearly and beyond a doubt entitled to be admitted," he is subject to mandatory detention under Section 1225(b)(2)(A). Hernandez-Cruz's petition is **DENIED** on these grounds.

### B. HERNANDEZ-CRUZ'S DETENTION DOES NOT VIOLATE DUE PROCESS

Hernandez-Cruz is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), which does not violate due process. Since the filing of Hernandez-Cruz's petition, the Fifth Circuit has held that subjecting an alien to detention under Section 1225(b)(2)(A), without an individualized bond hearing, does not violate an alien's procedural or substantive due process rights. *Sosnava Rodriguez v. Vergara*, --- F.4th ---, No. 26-50183, 2026 WL 3181188, at *5, *10, *13 (5th Cir. Oct. 23, 2026) (en banc). In assessing detention pending the conclusion of removal proceedings for aliens who have never been lawfully admitted, including Hernandez-Cruz, the court recognized that procedural due process does not require additional proceedings beyond those Congress provided before detention under Section 1225(b)(2)(A). *Id.* at *5.

For aliens that are not yet lawfully admitted, "the decisions of executive or

administrative officers, acting within powers expressly conferred by Congress *are* due process of law." *Id.* (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). "Any assertion of a fundamental right to freedom pending removal proceedings fails." *Id.* at *11. "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without [a] bond hearing does not offend due process." *Id.* at *13 (citing *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)). This decision forecloses the due process claims asserted in Hernandez-Cruz's petition. (Dkt. 1). Accordingly, the Court **DENIES** Hernandez-Cruz's petition.

## IV. CONCLUSION

Because Hernandez-Cruz is not entitled to relief on his due process claims, the Court **DENIES** Hernandez-Cruz's petition, (Dkt. 1), **GRANTS** the Government's Motion for Summary Judgment, (Dkt. 8), and **DISMISSES with prejudice** Hernandez-Cruz's claims.

It is SO ORDERED.

Signed this 18th of November, 2026.

ANGELA V. COLMENERO
**UNITED STATES DISTRICT JUDGE**